JOSEPH C. EHLEN

*v.*

PATRICK H. O'DONNELL, Admr.

*Opinion filed October 26, 1903—Rehearing denied December 3, 1903.*

1. APPEALS AND ERRORS—*objection of variance cannot be first urged on appeal.* An objection of variance between the plaintiff's allegation and the proof introduced cannot be urged on appeal where it was not made in the trial court.

2. MASTER AND SERVANT—*the ownership of an appliance furnished by master is not material.* The ownership of a defective scaffolding furnished by a master to his servant is not material, where the scaffolding has been in the master's possession and use a sufficient time for him to have discovered its defective condition.

3. SAME—*servant not bound to make inspection for defects.* A servant is not bound to inspect the appliance furnished him by his master for the purpose of discovering latent defects, as he may assume that the master has exercised reasonable care to see that the appliance is reasonably safe.

*Ehlen* v. *O'Donnell*, 102 Ill. App. 141, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

ROGERS & MAHONEY, and CHILTON P. WILSON, for appellant.

DARROW, THOMPSON & CROSS, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment for the sum of $2500, entered in the superior court of Cook county in an action on the case brought by appellee against appellant. The errors assigned relate to the refusal of the trial court to give a peremptory instruction to find for the defendant at the close of all the evidence, and also to the giving and refusal of certain other instructions.

The evidence tends to show that appellant was a contracting painter. He had in his employ the deceased, John Schanne, who had been working for him several months prior to the accident which formed the basis of the suit. Some five days prior to the time of the accident complained of, the appellant directed Schanne and another employee to go to the basement of his building and get a scaffolding used for painting, place such scaffolding in position upon a certain building and proceed to paint said building. Schanne did as directed, but on reaching the building concluded the scaffolding was too short by about six feet, and thereupon procured some boards some twelve or fifteen feet long, fastened them to the end of the scaffolding so that they projected out about six feet, and with the scaffolding in this condition proceeded in the performance of his duties. This was on the 9th of June, 1898. From then until the 14th of the month there was a continual rain and work was interrupted, and during all this time the scaffolding was left hanging to the building some thirty or thirty-five feet above the sidewalk. On the morning of the 14th Schanne and another workman went to the building, climbed down from the top on to the scaffolding, and it almost immediately gave way, the men falling to the sidewalk, and

both were killed. Immediately after the accident the scaffolding was examined and found to be broken in two places, about eight feet from the end. At the point where it broke there was an old crack in one stringer and an iron band had been placed underneath the crack to strengthen the stringer. The evidence tends to show that the crack was covered with paint, so that it could not be seen without examination, and that the ends of the bolts securing this iron band had become so rusted that the nuts had been previously broken off and thus permitted the bolts to pull through and the ladder to break. The evidence also tends very strongly to show that the stringers of the ladder at the place where the same broke had become decayed on the inside, which could have been told by an inspection but not by casual observation.

Appellant contends that the peremptory instruction should have been given because the allegation in the declaration is that the defendant "was possessed of and owned a certain painter's ladder," while the proof shows no more than that appellant had been possessed of this ladder for several weeks and that the ownership thereof was in doubt. The duty of the master was to use reasonable care to provide his servant a reasonably safe scaffolding upon which to work. The evidence shows that this scaffolding had been in his possession six weeks or more and had been used by him on various other jobs, and so far as appellee was concerned it was entirely immaterial who owned the ladder. This was not a question that was involved in the case. Aside from this, no objection was made upon the trial below that there was a variance between the evidence and the declaration which would have enabled appellee to have stricken out the words "and owned," and thereby been enabled to defeat the variance. Appellant therefore is not in a position to urge this objection here.

We think the court properly refused to take the case from the jury, as the evidence tends to show that the ap-

pliance was defective and that Schanne had no knowledge whatever of the defect. It was not incumbent upon the servant to inspect the implement which the master provided him upon and with which to perform his work, but he had a right to rest upon the assurance that the master would perform the obligations and duties which the law cast upon him to exercise reasonable care to provide him a reasonably safe scaffold upon which to work. The evidence tends to show that had the master inspected this scaffold he would have discovered the defective condition of the same.

Appellant further contends that Schanne, by placing the boards upon the end of the scaffold, so changed its construction that it was necessarily weakened. The only reasonable inference to be drawn from the evidence is, that the scaffolding was supported by ropes attached to the ends of the original scaffold, and we are at a loss to perceive how this addition could in any way affect the strength thereof or that it contributed to the accident.

We have examined the evidence submitted and think that there is sufficient evidence that tended to support the declaration, and there was therefore no error in the court's refusal of the peremptory instruction asked.

The instructions to the jury given on behalf of appellee, and complained of by appellant, were proper instructions under the evidence, and we are unable to find any error of law stated therein. The refused instructions requested to be given by the court on behalf of appellant were fully covered by instructions given.

We are satisfied that there was no error in the Appellate Court sustaining the judgment of the trial court, and the judgment of the Appellate Court will therefore be affirmed.                    *Judgment affirmed.*